UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Darlene R. Naylor,<br><br>    Plaintiff,<br><br>vs.<br><br>South Carolina Department of Health and Environmental Control,<br><br>    Defendant. | C/A No. 3:16-cv-04018-DCC<br><br><br>ORDER |

This matter is before the Court on Defendant's Motion for Summary Judgment. ECF No. 21. Plaintiff filed a Response in Opposition, and Defendant filed a Reply. ECF NO. Nos. 26, 27. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On March 29, 2018, the Magistrate Judge issued a Report recommending that Defendant's Motion be granted. ECF No. 29. Plaintiff filed objections to the Report, and Defendant filed a Reply. ECF NO. Nos. 31, 32. The Court held a hearing on the Motion for Summary Judgment and the objections to the Report on July 13, 2018. ECF NO. No. 36.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or

modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge provides a thorough recitation of the facts of this case and the applicable law in her Report which the Court incorporates by reference. Plaintiff brings claims for race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). ECF No. 1-1. The Magistrate Judge recommends that the Motion be granted and that the case be dismissed. Plaintiff presents three objections for the Court's review, which the Court will discuss in turn.

***Discrimination Under Title VII***

<u>Exhaustion of Administrative Remedies</u>

The Magistrate Judge found that Plaintiff failed to exhaust several claims but that these allegations may provide relevant background evidence for properly raised claims. ECF NO. No. 29 at 6. The Magistrate Judge carefully reviewed Plaintiff's Charge of Discrimination ("Charge") that she filed with the South Carolina Human Affairs Commission ("SCHAC") and determined that Plaintiff only exhausted her administrative remedies with respect to her claims that Defendant discriminated against her on the basis of race by

2

failing to promote her to ASPEN Coordinator and to Division Director and that Defendant retaliated against her by failing to promote her to Complaint Manager or Long Term Care Manager after she filed her Charge in December 2015. *Id*. at 10.

Plaintiff objects to the Magistrate Judge's finding that Plaintiff failed to exhaust her administrative remedies regarding her claim that Defendant discriminated against her on the basis of race by failing to promote her to the Complaint Manager position. ECF NO. No. 31 at 6. Plaintiff contends that there is evidence that she exhausted her administrative remedies with respect to this claim because she communicated this claim to the Equal Employment Opportunity Commission ("EEOC") and, thereafter, Defendant included Jennifer Dowell—the Division Director to whom the Complaint Manager reported—in the litigation hold for this action when there was no other reason to include her. *Id*. at 6–7.

Before filing suit under Title VII, a plaintiff must exhaust his administrative remedies by bringing a charge with the EEOC or SCHAC. 42 U.S.C. § 2000e–5(f)(1); *see also Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000). "A plaintiff's EEOC charge defines the scope of her subsequent right to institute a civil suit." *Smith*, 202 F.3d at 247. Only those claims stated in the initial administrative charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent lawsuit. *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir.1996) (affirming the district court's dismissal of some of the plaintiff's claims because they were outside the scope of her original EEOC charge and were therefore time-barred).

3

"At the same time, however, the exhaustion requirement should not become a tripwire for hapless plaintiffs." *Sydnor v. Fairfax Cty., Va.*, 681 F.3d 591, 594 (4th Cir. 2012). The *Sydnor* court further found that "[w]hile it is important to stop clever parties from circumventing statutory commands, we may not erect insurmountable barriers to litigation out of overly technical concerns." *Id*. Noting that laypersons, rather than lawyers, typically initiate the EEOC process, the Supreme Court has made clear that "[d]ocuments filed by an employee with the EEOC should be construed, to the extent consistent with permissible rules of interpretation, to protect the employee's rights and statutory remedies." *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 406 (2008). Therefore, so long as "a plaintiff's claims in her judicial complaint are reasonably related to her EEOC charge and can be expected to follow from a reasonable administrative investigation," she "may advance such claims in her subsequent civil suit." *Smith*, 202 F.3d at 247.

Here, the Court finds that Plaintiff has exhausted her administrative remedies with respect to this claim and respectfully declines to adopt the recommendation of the Magistrate Judge. Notably, Plaintiff raised claims that Defendant failed to promote her due to race discrimination. ECF NO. No. 21-15. Plaintiff's claim that she was discriminated against when Defendant failed to promote her to Complaint Manager is reasonably related to the claims listed in her Charge and could be expected to follow from a reasonable administrative investigation. *See Salmon v. S.C. Elec. And Gas*, 2015 WL 3441144, *4 (D.S.C. May 28, 2015) (finding that a plaintiff's charge was reasonably ambiguous when he checked the boxes for age discrimination and retaliation such that his Title VII

discrimination claim would follow from a reasonable investigation); *cf. Sloop v. Mem'l Mission Hosp., Inc.*, 198 F.3d 147, 149 (4th Cir.1999) (finding that plaintiff had not exhausted her Title VII retaliation claim because her EEOC charge only listed a claim for ADEA discrimination); *Harvey v. Saluda Smiles Family Dentistry*, No. 8:14-cv-01966-JMC, 2017 WL 3048582, at *4 (D.S.C. July 18, 2017) (concluding that an investigation into the plaintiff's termination claims would have reasonably "grown out" of SCHAC's investigation into the allegations of her charge and noting that the defendants expressly informed SCHAC about the plaintiff's termination and how it is "related to" her interactions with the alleged harasser identified in the charge). The Court will address the merits of this claim below.

*Discrimination Claims*

The Magistrate Judge found that Plaintiff alleged that Defendant discriminated against her by failing to promote her to ASPEN Coordinator on or about June 2, 2015, and to Division Director on or about July 2, 2015, due to her race. ECF No. 29 at 10. The Magistrate Judge determined that Plaintiff failed to establish her claims under the direct method of proof.[1] *Id*. at 11. With respect to the position for ASPEN Coordinator, the Magistrate Judge noted that Plaintiff conceded that she is unable to establish a prima facie case of race discrimination because she did not submit an application until after a

---

[1] In the hearing before this Court, Plaintiff's counsel generally stated that he believed there was an issue with the Magistrate Judge's finding that Plaintiff failed to establish a claim for discrimination under the direct method; however, Plaintiff raised no such argument in her objections. *See* ECF No. 31. Accordingly, the Court will not address this argument.

candidate had already been selected. *Id*. Turning to the Division Director position, the Magistrate Judge assumed without deciding that Plaintiff established a prima facie case, however, she then found that Defendant proffered a legitimate, nondiscriminatory reason for hiring another candidate because it determined that the other candidate was better qualified. *Id*. at 12. Finally, the Magistrate Judge determined that Plaintiff failed to present evidence suggesting that the stated reason for hiring the other candidate was pretextual. *Id*.

Plaintiff objects that, with respect to the Division Director position, Defendant's proffered legitimate, nondiscriminatory reason for failing to hire Plaintiff—that she lacked the preferred requirements—was a way of discriminating against Plaintiff. ECF No. 31 at 9. Plaintiff contends that the preferred requirements were unnecessary for performing the duties of the position and that Bureau Chief MaryJo Roue did not meet the preferred requirements when she held the Division Director position. *Id*. Further, Plaintiff argues that the legitimate, nondiscriminatory reason proffered by Defendant is pretextual because the candidate who was hired did not even meet the minimum requirements in that none of her degrees were from an accredited institution. *Id*.

Claims for discriminatory failure to promote are evaluated under the *McDonnell Douglas* burden-shifting framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). To establish a prima facie case of discriminatory failure to promote, a plaintiff must show: (1) she is a member of a protected class; (2) she applied for the position in question; (3) she was qualified for the position; and (4) she was rejected for the position under

6

circumstances giving rise to an inference of unlawful discrimination. *Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 268 (4th Cir. 2005). After establishing a prima facie case, the burden then shifts to the employer to articulate some "legitimate, nondiscriminatory reason" for the employment decision at issue. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981). If the employer demonstrates a legitimate, nondiscriminatory reason for its decision, the plaintiff must then show that the stated reason is mere pretext for unlawful discrimination. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000).

Assuming, as the Magistrate Judge did, that Plaintiff can make out a sufficient prima facie case of race discrimination as to the Division Director position, the Court finds that Defendant has proffered a legitimate, nondiscriminatory reason for failing to promote Plaintiff—the she did not possess the preferred educational credentials—and that Plaintiff has not shown that the proffered reason was mere pretext. Plaintiff fails to counter Defendant's assertion that it did not know that the person they hired for the position held degrees from unaccredited institutions at the time of her hiring. In her deposition, Roue testified that she assumed the selected candidate's degrees were from an accredited institution because she was already employed by Defendant in another capacity and Roue believed the personnel department had approved her qualifications. ECF NO. No. 21-3 at 12; *see also Evans v. Technologies Apps. & Serv. Co.*, 80 F.3d 954, 960 (4th Cir. 1996) (rejecting the plaintiff's unsubstantiated allegations and personal opinions concerning her qualifications and noting that the relevant perception is that of the decision maker). Plaintiff

has made no showing that this explanation is false or that the proffered reason was mere pretext for discrimination. Thus, summary judgment is appropriate with respect to this claim as well.

Next, as stated above, Plaintiff argues that she exhausted her administrative remedies with respect to the Complaint Manager position. The Court agrees. Nevertheless, the Court finds that summary judgment is appropriate with respect to this claim.

Plaintiff asserts that the fact that she was granted an interview is evidence that she was qualified for the Complaint Manager position. Further, because she had previously filed complaints against all three members of the hiring panel, the scores given to her by this panel are subject to suspicion. ECF No. 31 at 10–11. However, the Court notes that Plaintiff's argument primarily rests on the fact that she filed her Charge two months before this interview. Indeed the only argument put forth by Plaintiff regarding race discrimination is her own conclusory statement that she has raised sufficient questions of fact from which a jury could conclude that Defendant's failure to promote was a result of discriminatory animus.[2] *See* ECF No. 31 at 11. Such a statement is wholly insufficient to preclude a

---

[2] In her Response in Opposition to the Motion for Summary Judgment, Plaintiff contends that when Dowell asked her to withdraw from consideration for this position "[t]he implication was that Defendant had a white candidate that she wanted to hire into the position" and cites to Exhibit 14. ECF NO. No. 26 at 19. Exhibit 14 is Plaintiff's notes regarding her interaction with Dowell. In her deposition, when asked why she believed that Roue directed Dowell to ask her to withdraw her application, she stated "[b]ecause they're in close contact and I just do." ECF NO. No. 21-4 at 22. When she said that she was still interested in the position, she stated that she was told that they had someone that they wanted to hire and that there was no reference to her race or the race of the person they wanted to hire. *Id*. at 58.

8

finding of summary judgment. *See Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985), *overruled on other grounds*, 490 U.S. 228 (1989) (holding that conclusory allegations, without more, are insufficient to preclude granting the summary judgment motion). Accordingly, summary judgment is granted on this claim.

***Retaliation Claim***

The Magistrate Judge found that, even assuming Plaintiff could establish a prima facie case of retaliation under Title VII, Defendant proffered a legitimate, nonretaliatory reason for declining to promote Plaintiff to the Complaint Manager position—that the person selected was better qualified. ECF NO. No. 29 at 16. The Magistrate Judge noted that Roue testified that Defendant considered candidates that met the minimum and additional requirements as well as those who met the preferred qualifications; however, Plaintiff does not meet the preferred qualifications. *Id*. Moreover, the Magistrate Judge noted that Plaintiff received the second lowest scores from the panel following her interview. Roue testified that Plaintiff received a lower score because she was not able to respond to their questions regarding supervisory practices or style as well as data and process improvement in the way that the panel was seeking. *Id.* By contrast, the person hired received the highest score overall. *Id*. The Magistrate Judge then found that Plaintiff was unable to demonstrate by a preponderance of the evidence that Defendant's proffered reason for failing to promote her was a pretext for retaliation. *Id*. at 17.

In her objections, Plaintiff argues that she presented sufficient evidence from which a jury could find the failure to promote her was in retaliation fo filing her Charge. ECF NO.

9

No. 31 at 12. Plaintiff asserts that because employees of Defendant testified that they were hiring based on the minimum and preferred requirements, the fact that she did not have the preferred requirements would not have disqualified her from being selected. *Id*. at 13. Turning to the scores given by the panel, Plaintiff contends that the panel was made up of Dowell, who asked her to withdraw her application; Gene Baughman, against whom she filed an earlier complaint; and Roue, against whom she filed a complaint citing discrimination in November 2015. *Id*.

Title VII makes it unlawful for an employer to retaliate against an employee for engaging in activity protected by the statute. See 42 U.S.C. § 2000e-3(a). Claims of retaliation are also generally analyzed under the *McDonnell Douglas* burden-shifting framework. *Smith*, 202 F.3d at 248. The requisite elements for a *prima facie* case of retaliation typically include: (1) the employee engaged in a protected activity; (2) the employer acted adversely against her; and (3) there was a causal connection between the protected activity and the asserted adverse action. *Ziskie v. Mineta*, 547 F.3d 220, 229 (4th Cir. 2008); *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 218 (4th Cir. 2007).

Neither party has objected to the Magistrate Judge's decision to assume without deciding that Plaintiff can establish a prima facie case for retaliation. Accordingly, this Court will also limit its review to whether Defendant has put forth a legitimate nonretaliatory reason for failing to promote Plaintiff and whether Plaintiff has shown that the proffered reason is mere pretext for retaliation. The Court agrees with the Magistrate Judge that Defendant has proffered a legitimate nonretaliatory reason for failing to promote Plaintiff

to the Complaint Manager position—that Plaintiff did not meet the preferred qualifications and that she was ranked second to last by the interview panel.

The issue then becomes whether Plaintiff has shown that the proffered reason is mere pretext. Plaintiff provided a list of interviewees for the Complaint Manager position and the corresponding panel members at their interviews. ECF NO. No. 26-15. The Court notes that Roue was on every panel and that Dowell and Baughman were each on more than one panel. *Id*. While the Court is aware of the subjective nature of the rankings by the panel members and the fact that Plaintiff had previously complained about two of the panel members[3] and that she had been asked to withdraw her application by the third panel member, the Court finds that Plaintiff has failed to provide any evidence that Defendant failed to promote her over an equally or less qualified candidate. Plaintiff has not rebutted Defendant's proffered legitimate, nonretaliatory reason for failing to promote her—that she was less qualified than the selected candidate. This is an objective criteria that is not altered by Plaintiff's interactions with any other employee of Defendant. Thus, summary judgment is appropriate with respect to this claim.

---

[3] The Court is aware that Defendant argues that Plaintiff has provided no evidence of a complaint against Baughman. However, there is indication in the record that around 2007, Plaintiff filed a charge alleging that Defendant discriminated against her by failing to promote her to a position that was given to Baughman. *See* ECF NO. No. 29-1.

## **CONCLUSION**

Therefore, the Court adopts in part and declines to adopt in part as set out the recommendation of the Report. Defendant's Motion for Summary Judgment [21] is **GRANTED**.

IT IS SO ORDERED.

August 9, 2018  s/Donald C. Coggins, Jr.
Spartanburg, South Carolina  United States District Judge